















RXC    5/28/02    12:29

3:02-CV-01037    BRIGHT V. TRANS UNION LLC

*1*

*NTCREM.*

David S. Robbin, Esq. - SBN 095934
**LOWELL & ROBBIN**
Attorneys at Law
707 Broadway, Suite 1800
San Diego, California 92101-5314
Tel. (619) 236-1142
Fax. (619) 233-0700

**ORIGINAL**

Of Counsel:
Lewis P. Perling, Esq.
Georgia Bar No. 506213
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Tel.: (404) 815-6500
Fax.: (404) 815-6555

**Attorneys for** Defendant Equifax Information Services, L.L.C.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

AMBER BRIGHT,

        Plaintiff,

    vs.

TRANS UNION LLC, a business of unknown
structure or origin, EQUIFAX CREDIT
INFORMATION SERVICES, a business of
unknown structure or origin, and NATIONAL
CREDIT SYSTEMS, a business of unknown
structure or origin, and DOES 1 - 40,
inclusive,

        Defendants

Case No.: **'02 CV 1037 JM** (LSP)

**NOTICE OF REMOVAL**

COMES NOW Defendant Equifax Information Services, L.L.C., successor to Equifax Credit Information Services, Inc. ("Equifax"), through its undersigned counsel, and this Notice of Removal of this action from the state court, where this action is now pending, to the District Court of the United States, in and for the Southern District of California. This Notice of Removal is filed pursuant to 28 U.S.C. § § 1441 and 1446. Equifax shows this Court as follows:

Notice of Removal      1      United States District Court Case

1.     An action was commenced against Equifax in the Superior Court of California, County of San Diego, entitled <u>Amber Bright v. Trans Union LLC</u>, Case No. IC 787183, on or about April 23, 2002.  Equifax was served with the Complaint on or after April 25, 2002 and Answered by filing a General Denial and Affirmative Defenses on May 22, 2002.  Defendant Trans Union was served, but the case was dismissed as to that company.   A copy of the Complaint, Notices by the Court, Dismissal and Answer (the entire record in this case) are attached collectively hereto as Exhibit A.  To Equifax's knowledge and belief, National Credit Systems has not been served.

2.     To the best of the knowledge of Equifax, no other proceedings, process, pleadings, orders or other papers have been filed or served in the Superior Court action.

3.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the constitution, laws or treaties of the United States; specifically under 15 U.S.C. §§1681, <u>et</u> <u>seq.</u>, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

(a)     Plaintiff's Complaint alleges that the action is "brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. Section, 1681 et. seq." (Exhibit A, Complaint, para. 1, 31-33).

(b)     Plaintiff's Complaint also alleges that Equifax violated 15 U.S.C. §§ 1681e. (Exhibit A, Complaint, para. 32).

(c)     The FCRA provides, pursuant to 15 U.S.C. §1681p, that "any action brought under this chapter may be brought in any appropriate United States District Court without regard to the amount in controversy."

4.    This Notice of Removal is filed within thirty (30) days of Equifax's receipt of the Summons and Complaint.

5.    The Court in which this action was commenced is within this Court's District and Division.

6.    This Notice of Removal will be filed with the Superior Court of San Diego County, and a copy of this Notice of Removal will also be served upon the counsel for Plaintiff.

WHEREFORE, Equifax prays that the above-described action now pending in the Superior Court of San Diego removed therefrom to this Court.

Dated:  May 24, 2002

Respectfully submitted,

LOWELL & ROBBIN


By:    _David S. Robbin / Por_____

David S. Robbin, Esq.
Attorneys for Defendant Equifax
Information Services, LLC


Of Counsel:
Lewis P. Perling
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone  (404) 815-6199
Facsimile  (404) 815-6555

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*

TRANS UNION LLC, a business of unknown structure or origin, EQUIFAX
CREDIT INFORMATION SERVICES, a business of unknown structure or origin,
NATIONAL CREDIT SYSTEMS, a business of unknown structure or origin, and
DOES 1 through 40, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*

AMBER BRIGHT, an individual consumer

| | |
|---|---|
| You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de *30 DIAS CALENDARIOS* para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

FOR COURT USE ONLY

The name and address of the court is: (El nombre y dirección de la corte es)
Superior Court of California, County of San Diego
Central Division, 330 West Broadway
San Diego, CA 92101

**CASE NUMBER:** *(Número del Caso)*
**IC   787183**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Harold M. Hewell
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)
Attorney at Law                                            Phone No. (619) 235-6854
1901 First Avenue, Second Floor
San Diego, California 92101

DATE: **APR 2 3 2002**                 Clark, by _N. Cunningham_ , Deputy
(Fecha)                                    (Actuario)  A. CUNNINGHAM    (Delegado)

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): *Equifax Credit Information Services, a business of unknown structure or origin*

under:   ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
         ☑ other:
4. ☐ by personal delivery on (date):

Form Adopted by Rule 982                     (See reverse for Proof of Service)
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]                    **SUMMONS**                              CCP 412.20
JC Forms for HotDocs ™

CITY: ...... FILED

... 23 P 3: 59

**HAROLD M. HEWELL**
ATTORNEY AT LAW
1901 FIRST AVENUE, SECOND FLOOR
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 235-6854
FACSIMILE: (619) 235-9122

SBN: 171210
Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION - LIMITED CIVIL JURISDICTION

| | |
|---|---|
| AMBER BRIGHT, an individual consumer, | Case No. IC 787183 |
| *Plaintiff,* | **COMPLAINT FOR VIOLATIONS OF:** |
| v. | **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ., THE CONSUMER CREDIT REPORTING AGENCIES ACT, CIVIL CODE §1785.1 ET SEQ., AND THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.** |
| TRANS UNION LLC, a business of unknown structure or origin, EQUIFAX CREDIT INFORMATION SERVICES, a business of unknown structure or origin, and NATIONAL CREDIT SYSTEMS, a business of unknown structure or origin, and DOES 1 through 40, inclusive, | |
| *Defendants.* | *Limited Jurisdiction - Civil Demand: for $25,000.00* |

Plaintiffs allege:

1. This is an action for damages brought by an individual consumer for violations of: the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, the Consumer Credit Reporting Agencies Act (CCRAA), Civil Code §1785.1 *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et seq.* Plaintiff Amber Bright ("Ms. Bright" or "Plaintiff") respectfully demands a Jury Trial.

2. Subject matter jurisdiction is vested in this Court in that the matter is civil in nature and the amount in controversy is less than $25,000.00. Personal jurisdiction derives from business activities conducted by Defendants NATIONAL CREDIT SYSTEMS ("NCS"), EQUIFAX CREDIT

---

COMPLAINT: 15 U.S.C. §1692 ET SEQ., CIVIL CODE §1785.1 ET SEQ., AND 15 U.S.C. § 1681 ET SEQ.

1    INFORMATION SERVICES ("Equifax") and TRANS UNION LLC ("TransUnion" or, collectively

2    with NCS and Equifax, "Defendants") within the State of California.

3        3. Venue is proper within this district because, Plaintiff is informed and believes and thereon

4    alleges, certain acts giving rise to certain claims herein occurred within this judicial district.

5        4. Ms. Bright is: a natural person who, at all times relevant herein, resided in San Diego

6    County within this judicial district; and a "consumer" as defined in Civil Code § 1785.3(b), 15 U.S.C.

7    §1681a(c) and 15 U.S.C. §1692a(3).

8        5. Plaintiff contends that Defendant NCS is: a business of unknown origin or structure

9    conducting business activity within the County of San Diego and this judicial district; a "person" as

10    defined in Civil Code § 1785.3(j); and a "debt collector" as defined in 15 U.S.C. §1692a(6).

11        6. Plaintiff contends that Defendants TransUnion, and Equifax are: businesses of unknown

12    origin or structure conducting business activity within the County of San Diego and this judicial

13    district; "consumer credit reporting agencies" as defined in Civil Code § 1785.3(d); and "consumer

14    reporting agencies" as defined in 15 U.S.C. § 1681a(f).

15        7. The true names and capacities of Defendants Does 1 through 40, inclusive, are unknown

16    to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff contends that each

17    of the Defendants herein designated as a Doe is responsible in some manner for the events and

18    happenings herein referred to and caused injuries and damages proximately thereby as hereinafter

19    alleged.

20        8. Plaintiff contends that at all times herein mentioned, each of the Defendants was the agent,

21    servant and employee of each of the remaining Defendants, and at all times herein mentioned, each

22    was acting within the purpose and scope of said agency and employment.

23                                   I.

24                     **FACTUAL ALLEGATIONS**

25        9. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of

26    paragraphs one through eight above.

27        10. In or around June 2001 Ms. Bright began to investigate the possibility of purchasing a

28    home. When she obtained a copy of her credit report, she discovered an old Bank of America account

had been reported out as a collection account by NCS. The Bank of America item was listed on the credit report as NCS Account No. #P130003480325, with an unpaid balance of $2,843.00. The report also listed a date of last activity as September 1997. In fact, the account had been charged off in or around July 1987, far beyond the seven-year reporting limit mandated by law. Up to the time she discovered the derogatory item, NCS had made no effort to actively collect on the account.

11. In or around July 2001, Ms. Bright contacted NCS by letter and informed them that the Bank of America account it had reported out for collection was more than seven years old. She asked that they contact the appropriate credit reporting agencies and have the item removed from her file immediately. NCS ignored this request.

12. Beginning in or around the late summer of 2001, Ms. Bright embarked on an odyssey of letter-writing and telephoning NCS – as well as Equifax and TransUnion – in an effort to have the derogatory item removed from her credit reports, all to no avail. Plaintiff's dealings with NCS were especially troubling. Phone calls to NCS were transferred from one office to another and employees even hung up on her. She received no response to two letters sent to NCS by certified mail – the first of which was signed for by a representative of NCS in or around July 2001.

13. On or about Oct. 25, 2001, an NCS employee who identified himself as "Leo Stone" called Plaintiff and attempted to collect on the old loan. It was the first time NCS had made such an attempt. During this conversation, Ms. Bright attempted to explain to Mr. Stone that federal law prohibits reporting out for collection a loan that has been charged off for more than seven years. Mr. Stone displayed utter contempt for the law, saying to the effect of "I couldn't care less about the Fair Credit Reporting Act." He also was abusive in his manner, saying to the effect of "We will just close the case, and you can live like the deadbeat you are." NCS did not send Ms. Bright a 15 U.S.C. §1692g notice following the contact by Leo Stone.

14. Ms. Bright was similarly unlucky with Defendants Equifax and TransUnion. In or around June 2001, Plaintiff contacted Equifax and disputed the derogatory item from NCS. In a letter dated on or about June 14, 2001, Equifax contacted Ms. Bright and in which it claimed to have verified the NCS item.

15. In a letter to Equifax on or around July 12, 2001, Ms. Bright again disputed the NCS item

1  and informed the credit reporting agency that the Bank of America account had been charged off in

2  1987. She asked them to remove any reference to the item.

3      16. On or around July 23, 2001, Equifax sent Ms. Bright another altogether unresponsive

4  letter stating "Once an acct [sic] has been opened, the acct [sic] may appear on the credit file for 7

5  or 10 years from the date of last activity."

6      17. Subsequent Equifax reports continued to list the derogatory item, never once mentioning

7  in the report that the item had been disputed. In a letter dated on or about Sept. 10, 2001, Equifax

8  again claimed to have researched the account and concluded the item had been reported correctly.

9  Months of telephone calls and letters to Equifax proved fruitless. Ms. Bright even sent Equifax a copy

10  of a letter from Bank of America which verified that the above-mentioned item had been charged off

11  in 1987. Equifax failed to correct the reporting even then.

12      18. Furthermore, Equifax continued to report the item without noting it had been disputed.

13      19. Equifax further demonstrated its incompetence and disregard for Ms. Bright's credit

14  standing and reputation when it falsely reported on or about Feb. 27, 2002, that another, entirely

15  different Bank of America account had been sold or transferred, adding yet another derogatory item

16  to Ms. Bright's report. The Bank of America Visa Account No. 402411600637 in the amount of

17  $2,500.00 is a current account in good standing. When Plaintiff complained to Equifax, an employee

18  insisted the information was correct, citing a letter from Bank of America stating the accounts had

19  been charged off and sold for collection. The letter the employee, "Kelly," referred to was the very

20  same letter Ms. Bright had sent to prove the accounts had been charged off. When Ms. Bright pointed

21  this out, Kelly offered to begin an investigation. When Ms. Bright responded that she had requested

22  numerous investigations over a nine-month period, Kelly suggested she should have included that

23  information in her letters.

24      20. Defendant TransUnion also reported the incorrect item in their report. On or about March

25  21, 2002, Ms. Bright filed an on-line dispute with TransUnion. On or about March 27, 2002, Plaintiff

26  received a form letter stating that, under federal law, an unpaid account can remain in an individual's

27  credit file for seven years from the date it was charged off. This letter was non-responsive and

28  ridiculous since Ms. Bright had told TransUnion in her dispute that the charged-off accounts were

1  more than 14 years old.

2      21. This credit reporting nightmare has cost Ms. Bright her reputation and good credit

3  standing, her valuable time, her peace of mind, and her hopes for owning her own home.

4  II.

5  FIRST CAUSE OF ACTION

6  FDCPA

7  (AGAINST NCS and DOES 1-10)

8      22. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 through 21

9  above.

10      23. Plaintiff alleges FDCPA violations by NCS and Does 1 through 10 inclusive include, but

11  are not limited to, the following:

12          a.    Section1692e(8), which prohibits communicating or threatening to

13      communicate to any person credit information which is known or which

14      should be known to be false, including the failure to communicate that a

15      disputed debt is disputed. Plaintiff contends that NCS violated this

16      provision when it reported the purported account to credit reporting

17      agencies and failed to report it as disputed.

18          b.    Section1692e(10), which prohibits the use of any false representation or

19      deceptive means to collect or attempt to collect any debt or to obtain

20      information concerning a consumer. Plaintiff is informed and believes and

21      thereon alleges that NCS violated this provision when it falsely

22      represented that the last activity on Plaintiff's Bank of America account

23      was in or around 1997, when in fact the account had been charged off in

24      or around 1987.

25          c.    Section 1692g(a), which provides that within five days after the initial

26      communication with a consumer in connection with the collection of any

27      debt, a debt collector shall, unless the following information is contained

28      in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Plaintiff contends that Defendant NCS violated this provision when it failed to provide her with this notice.

24. NCS's violation of this statute has caused Ms. Johnson to suffer and continue to suffer damages in an amount to be determined at trial. These damages include, but are not limited to, severe mental and emotional distress, and costs and fees.

## III.

## SECOND CAUSE OF ACTION

## CCRAA

### (AGAINST NCS AND DOES 11 THROUGH 20)

25. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through 24 above.

26. Plaintiff alleges that CCRAA violations by NCS and Does 11 through 20 inclusive include, but are not limited to, the following:

        a.       Section 1785.25(a), which provides that a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is

incomplete or inaccurate. Plaintiff contends that this was violated by the reporting of the incorrect derogatory credit information on the account under Ms. Bright's name as set forth above.

b.  Section 1785.25(c), which provides that, so long as the completeness or accuracy of any information on a transaction furnished by any person to a consumer credit reporting agency is subject to a continuing dispute between the affected consumer and that person, the person may not furnish the information to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer. Plaintiff contends that NCS violated this provision by failing to report to credit reporting agencies that this information was disputed.

27. Defendant's violation of this statute has caused Ms. Butler to suffer and continue to suffer damages in an amount to be determined at trial. These damages include, but are not limited to, severe damage to her credit rating and reputation, severe mental and emotional distress, and costs and fees.

## IV.

## THIRD CAUSE OF ACTION

## FCRA

### *(AGAINST EQUIFAX, TRANSUNION AND DOES 21 THROUGH 30)*

28. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 27 above.

29. As set forth above, Ms. Bright obtained credit reports on herself from both Equifax and TransUnion that showed Equifax and TransUnion were reporting credit information on her that is in violation of Civil Code §1785.13. Specifically, the reporting by Equifax and TransUnion includes, as set forth in detail above, an account that is more than seven years old - despite Ms. Bright's disputes with those companies advising them of this. Such reporting violates Civil Code §1785.14, which requires Equifax and TransUnion to adopt and follow procedures designed to ensure that prohibited information is not included in consumer credit reports. Plaintiff is informed and believes, and based

1   on that information and belief alleges, that Equifax and TransUnion and Does 21 through 30 inclusive

2   failed to adopt the required procedures or failed to follow the procedures if they were adopted.

3       30. As a result of the forgoing, Plaintiff has suffered damages from the incorrect credit

4   reporting, including, but not limited to, damage to her credit rating and emotional and mental distress,

5   in an amount to be determined at trial.

6                             **V.**

7                   **FOURTH CAUSE OF ACTION**

8                         **CCRAA**

9     *(AGAINST EQUIFAX, TRANS UNION AND DOES 31 THROUGH 40)*

10       31. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of

11   paragraphs 1 through 30 above.

12       32. As set forth above, Ms. Bright obtained credit reports on herself from both Equifax and

13   TransUnion that showed Equifax and TransUnion were reporting credit information on her that is in

14   violation of 15 U.S.C. §1681c. Specifically, the reporting by Equifax and TransUnion includes, as set

15   forth in detail above, an account that is more than seven years old – despite Ms. Bright's disputes with

16   those companies advising them of this. Such reporting violates 15 U.S.C. §1681e, which requires

17   Equifax and TransUnion to adopt and follow procedures designed to ensure that prohibited

18   information is not included in consumer credit reports. Plaintiff is informed and believes, and based

19   on that information and belief alleges, that Equifax and TransUnion and Does 31 through 40 inclusive

20   failed to adopt the required procedures or failed to follow the procedures if they were adopted.

21       33. As a result of the forgoing, Plaintiff has suffered damages from the incorrect credit

22   reporting, including, but not limited to, damage to her credit rating and emotional and mental distress,

23   in an amount to be determined at trial.

24       WHEREFORE, Plaintiff prays for relief from NCS and Does 1 through 10, inclusive, for

25   violations of the FDCPA as follows:

26       1. For statutory damages;

27       2. For actual damages;

28       3. For costs and reasonable attorney's fees; and

4. For such other and further relief as the court may deem proper.

WHEREFORE, PLAINTIFF prays for relief from NCS and Does 11 through 20 for the Second Cause of Action, for violations of the CCRAA, as follows:

1. For correction of incorrect credit reporting;

2. For actual damages;

3. For costs and reasonable attorney's fees; and

4. For such other and further relief as the court may deem proper.

WHEREFORE, PLAINTIFF prays for relief from Equifax and Does 21 through 30 for the Third Cause of Action, for violations of the FCRA, as follows:

1. For correction of incorrect credit reporting;

2. For actual damages;

3. For costs and reasonable attorney's fees; and

4. For such other and further relief as the court may deem proper.

WHEREFORE, PLAINTIFF prays for relief from TransUnion and Does 31 through 40 for the Fourth Cause of Action, for violations of the CCRAA, as follows:

1. For correction of incorrect credit reporting;

2. For actual damages;

3. For costs and reasonable attorney's fees; and

4. For such other and further relief as the court may deem proper.

Dated: _4 - 19_ ,2002

Harold M. Hewell

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

**TO:**

HAROLD M. HEWELL
DOUKAS & HEWELL
1901 FIRST AVE 1ST FLOOR
SAN DIEGO, CA   92101

| | | | |
|---|---|---|---|
| AMBER BRIGHT | | Case No.: | IC787183 |
| | Plaintiff(s) | | |
| | | **NOTICE OF CASE ASSIGNMENT** | |
| | vs. | | |
| | | Judge: | WILLIAM R. NEVITT, JR. |
| TRANS UNION LLC | | Department: | 64 |
| | Defendant(s) | Phone: | 619-685-6031 |

This case **IS NOT** eligible to participate in a pilot mediation program.

**COMPLAINT FILED** 04/23/02

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SUPCT CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 5.6)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 5.7)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 5.8)

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN MEDIATION OR ARBITRATION PURSUANT TO CCP 1730 OR 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO MEDIATION UNDER THE MEDIATION PILOT PROGRAM, OR TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SUPCT CIV-357 OR 358 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

### CERTIFICATE OF SERVICE

I, STEPHEN THUNBERG, certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

Dated: 04/23/02

STEPHEN THUNBERG           Clerk of the Superior Court
by Cindy Reed, Deputy Clerk

## NOTICE TO LITIGANTS

You are required to serve a copy of the following documents with the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 5.6:

- A copy of this Notice to Litigants; and
- A copy of the Notice of Case Assignment.

Filing the Certificate of Service will signify that this information has been served on all defendants.

### SAN DIEGO SUPERIOR COURT MEDIATION PILOT PROGRAM
(Effective for cases filed on or after February 28, 2000)

This case has been assigned to a department that is NOT PARTICIPATING in the mediation pilot program and has been designated "not eligible" for mediation. Accordingly, your case CANNOT BE ORDERED TO THE COURT REFERRED MEDIATION PROGRAM. However, we are providing the following information to explain the new program in the event you have other cases that fall within its scope and to clarify your available alternative dispute resolution options.

**Program Overview:** The San Diego Superior Court has been selected by the Judicial Council to participate in a pilot program for the early mediation of civil cases (referred to as the "mediation pilot program") established by Code of Civil Procedure section 1730 et seq. and the California Rules of Court rules 1640 et seq. The former court-ordered mediation program (established by CCP 1775 et seq. and applicable to all cases filed on or before February 27, 2000) shall end upon completion of mediation of all cases under that program. No case filed after that date may be ordered to the old mediation program.

In addition, no case filed on or after February 28, 2000 and assigned to a non-participating department at the time of filing may be ordered to mediation under the new mediation pilot program. The department to which this matter has been assigned is a non-participating department. Accordingly, this matter cannot be ordered to the new mediation pilot program.

The new mediation pilot program is designed to assess the benefits of early mediation and authorizes the court to 1) schedule early Case Management Conferences (ECMC), 2) order cases to mediation, and 3) allow parties to stipulate to early mediation in advance of the ECMC. San Diego Superior Court Rule 2.31 addresses the program specifically.

**Available Alternatives to Litigation:** For more information about Civil Alternative Dispute Resolution, please refer to the court's web site at http://www.sandiego.courts.ca.gov/superior .

**Voluntary Mediation:** Because your case has been assigned to a department that is not participating in the mediation pilot program and designated "non-eligible", your case will not be ordered to mediation by the court. However, you may stipulate to voluntary mediation outside the court system. If you choose to do so, mediator fees must be paid by the litigants and will not be paid by court. The existing option of private mediation is unaffected by the new mediation pilot program.

**Judicial Arbitration:** No changes in arbitration procedures have been made. The judicial arbitration program remains available to all cases in San Diego County. Please refer to Superior Court Rules 2.24 and 2.25.

Voluntary mediation and other alternative dispute resolution services are available in San Diego County, including Dispute Resolution Programs Act (DRPA) funded programs. For a listing of DRPA funded community mediation programs, please contact the County's DRPA Program Office at (619) 338-2797. To stipulate to Alternative Dispute Resolution options outside the court system, please complete CIV-359 Stipulation to Use of Private Alternative Dispute Resolution Process.

**Program Evaluation:** The Judicial Council has requested that the court collect information from civil litigants and their attorneys about what methods they used to try to resolve their case, how long it took to resolve the case, the costs associated with resolving the case, and how satisfied they were with the process(es) used to try to reach resolution. In order to obtain this information, the court will be sending written surveys to parties in some civil cases, including those cases not included in the pilot mediation program. Researchers working on the program may also be contacting parties in some civil cases to conduct brief telephone interviews. The court appreciates your cooperation in this information collection effort. The time you spend providing us with information about your experience will help both this court and other courts throughout California in providing high quality appropriate dispute resolution services to civil litigants.

Thank you for your cooperation and assistance in this matter.
SDSC CIV-731 (Rev. 12-01)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*
Harold M. Hewell    (Bar # 171210)
Attorney at Law
1901 First Avenue, Second Floor
San Diego, California 92101
TELEPHONE NO.: (619) 235-6854
ATTORNEY FOR *(Name):* AMBER BRIGHT, Plaintiff

FOR COURT USE ONLY

Insert name of court and name of judicial district and branch court, if any:
Superior Court of California, County of San Diego

PLAINTIFF/PETITIONER: AMBER BRIGHT

DEFENDANT/RESPONDENT: TRANS UNION LLC, EQUIFAX CREDIT INFORMATION SERVICES, NATIONAL CREDIT SYSTEMS, and DOES 1 through 40, inclusive

**REQUEST FOR DISMISSAL**

- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle    [ ] Other
- [ ] Family Law
- [ ] Eminent Domain
- [x] Other *(specify):* 15 U.S.C. §1692 ET SEQ. and other

CASE NUMBER:

IC787183

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [ ] With prejudice    (2) [x] Without prejudice

   b. (1) [ ] Complaint    (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name):*    on *(date):*
   (4) [ ] Cross-complaint filed by *(name):*    on *(date):*
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other *(specify):**
   Claims against Defendant Trans Union LLC only.

Date: April 25, 2002

(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
* If dismissal requested is of specified parties only, of specified causes of
action only, or of specified cross-complaints only, so state and identify
the parties, causes of action, or cross-complaints to be dismissed.

▶ *(signature)*

(SIGNATURE)
Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
** If a cross-complaint—or Response (Family Law) seeking affirmative
relief—is on file, the attorney for cross-complainant (respondent) must
sign this consent if required by Code of Civil Procedure section 581(i)
or (j)

▶

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

*(To be completed by clerk)*

3. [ ] Dismissal entered as requested on *(date):*
4. [x] Dismissal entered on *(date):* APR 2 6 2002   as to only *(name):* Trans Union
5. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*

6. [x] a. Attorney or party without attorney notified on *(date):* APR 2 6 2002
   b. Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to conform    [ ] means to return conformed copy

Date: MAY 0 6 2002    Clerk, by *Barbara Uckoff*, Deputy

Form Adopted by the
Judicial Council of California
982(a)(5) [Rev. January 1.1997]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq
Cal. Rules of Court, rules 383, 1233
*JC Forms for HotDocs ™*



FILED
CIVIL BUSINESS OFFICE 6
CENTRAL DIVISION

02 MAY 22 PM 3: 53

STEPHEN THORNBERG
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  David S. Robbin, Esq. - SBN 095934
   **LOWELL & ROBBIN**
2  Attorneys at Law
   707 Broadway, Suite 1800
3  San Diego, California  92101-5314
   Tel. (619) 236-1142
4  Fax. (619) 233-0700

5  Of Counsel:
   Lewis P. Perling, Esq.
6  Georgia Bar No. 506213
   **KILPATRICK STOCKTON LLP**
7  1100 Peachtree Street, Suite 2800
   Atlanta, Georgia 30309
8  Tel.: (404) 815-6500
   Fax.: (404) 815-6555

9
   **Attorneys for** Defendant Equifax Information Services, L.L.C.

10

11                    **SUPERIOR COURT OF CALIFORNIA**

12            **COUNTY OF SAN DIEGO, CENTRAL DIVISION**

13

14  AMBER BRIGHT,                          )  **Case No.: IC787183**
                                           )
15            Plaintiff,                    )  **DEFENDANT EQUIFAX INFORMATION**
                                           )  **SERVICES LLC'S ANSWER AND**
16       vs.                               )  **AFFIRMATIVE DEFENSES.**
                                           )
17  TRANS UNION LLC, a business of unknown )  **Judge:  Hon. William R. Nevitt, Jr.**
    structure or origin, EQUIFAX CREDIT    )  **Dept.:  64**
18  INFORMATION SERVICES, a business of    )
    unknown structure or origin, and NATIONAL )
19  CREDIT SYSTEMS,  a business of unknown )
    structure or origin, and DOES 1 - 40,  )
20                                         )
    inclusive,                             )
21                                         )
            Defendants                     )
22                                         )
   _____)

23       COMES NOW defendant Equifax Information Services, L.L.C., successor to Equifax

24  Credit Information Services, Inc. ("Equifax"), through its undersigned counsel, and for its

25  answer and affirmative defenses to plaintiff's Complaint, states as follows:

26                           **GENERAL DENIAL**

27       Pursuant to California Code of Civil Procedure Section 431.30, Equifax denies, both

28  generally and specifically, each and every allegation and cause of action contained in Plaintiff's

1   unverified Complaint and the whole thereof, and specifically denies that Plaintiff is entitled to

2   the relief sought therein or any other recovery whatsoever against Equifax.

3         By way of further answer to the Complaint, Equifax denies that it acted wrongfully,

4   either negligently or intentionally, as alleged, or at all; Equifax further denies that Plaintiff

5   sustained any loss, damage or detriment, or damages in any sum whatsoever, as a result of any

6   intentional or negligent act or acts, fault, carelessness, recklessness or breach of contract on the

7   part of Equifax; Equifax lacks information or belief sufficient to enable it to answer the

8   allegations concerning the nature and extent of the damages and losses of Plaintiff, if any, and

9   basing its denial upon said lack of information and belief, deny each and all thereof generally

10  and specifically, and on said ground, for the purposes of placing the question of the nature and

11  extent of damages and losses in issue, deny that Plaintiff was damaged as alleged, or at all.

12                          **FIRST AFFIRMATIVE DEFENSE**

13        Plaintiff's Complaint fails to state a claim against Defendant Equifax upon which relief

14  can be granted.

15                         **SECOND AFFIRMATIVE DEFENSE**

16        At all pertinent times, Equifax complied fully with the provisions of the Consumer Credit

17  Reporting Agencies Act, California Civil Code §§ 1785.1, *et seq.*, the Federal Fair Credit

18  Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and accordingly, Equifax is entitled to each and every

19  defense and limitation of liability provided by said acts.

20                          **THIRD AFFIRMATIVE DEFENSE**

21        At all pertinent times, Defendant Equifax maintained reasonable procedures to insure

22  maximum possible accuracy in its credit reports.

23                         **FOURTH AFFIRMATIVE DEFENSE**

24        Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity

25  for whom or for which Equifax is not responsible.

26  ///

27  ///

28  ///

## FIFTH AFFIRMATIVE DEFENSE

At all pertinent times, Defendant Equifax acted in good faith and without malice or intent to injure Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action stated therein, is barred by the provisions of the Consumer Credit Reporting Agencies Act, Civil Code §§1785.31, 1785.32 and 1785.33.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

## EIGHTH AFFIRMATIVE DEFENSE

As a defense, Equifax asserts qualified privilege.

## NINTH AFFIRMATIVE DEFENSE

The alleged communications, if any, about plaintiff were privileged pursuant to California Civil Code §47 (c).

## TENTH AFFIRMATIVE DEFENSE

Equifax is not legally responsible for the acts and/or omissions of those defendants named herein as Does 1 through 40.

## ELEVENTH AFFIRMATIVE DEFENSE

Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

WHEREFORE, having fully answered plaintiff's Complaint, defendant Equifax prays for judgment as follows:

(1)      Plaintiff's Complaint be dismissed in its entirety and with prejudice, with costs taxed against plaintiff;

(2)      That Equifax be dismissed as a party to this action;

/ / /

Answer to Complaint (Equifax)                    3                    San Diego Superior Court Case No. IC787183

1    (3)    That Equifax recover from plaintiff its expenses of litigation, including attorneys'

2  fees; and

3    (4)    That Equifax recover such other and additional relief as the Court deems proper.

4

5  Dated: May 2½, 2002                    LOWELL & ROBBIN

6

7                                         By: _____

8                                         David S. Robbin, Esq.
                                          Attorneys for Defendant Equifax Information
9                                         Services, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<table>
<tr><td colspan="2"><b>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN DIEGO; CENTRAL DIVISION</b></td><td><b>FOR COURT USE ONLY</b></td></tr>
</table>

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF SAN DIEGO; CENTRAL DIVISION** | **FOR COURT USE ONLY**<br><br>FILED<br>CENTRAL DIVISION<br>02 MAY 22 PM 3: 53<br>STEPHEN L. SHOENBERG<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| Title of Case (Abbreviated)<br>Amber Bright v. Trans Union LLC, et al. | |
| Attorney(s) Names and Address and Telephone<br>David S. Robbin, Esq., (SBN: 095934)<br>LOWELL & ROBBIN<br>707 Broadway, Suite 1700<br>San Diego, California 92101-5311<br>(619) 236-1142 | |
| Attorney(s) For: Defendant Equifax Information Services, LLC | Case Number: IC787183 |

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Lowell & Robbin, 707 Broadway, Eighteenth Floor, San Diego, California 92101-5314.

On May 22, 2002, I served the following document(s):

1.    **Defendant Equifax Information Services, LLC's Answer and Affirmative Defenses**

on the parties listed below as follows:

Harold M. Hewell, Esq.
Attorney at Law
1901 First Avenue, Second Floor
San Diego, CA 92101
*Attorneys for Plaintiff*

☐    **By facsimile machine (FAX)** by personally transmitting a true copy thereof via an electronic facsimile machine.

☒    **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at San Diego, California.

☐    **By personal service** by personally delivering a true copy thereof to the addressee(s) listed herein at the location listed herein.

☐    **By Federal Express** or overnight mail.

☒    *(State)*        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    *(Federal)*      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 22, 2002, at San Diego, California.

*Carrie Bruce*

CARRIE BRUCE

**CIVIL COVER SHEET**

**ORIGINAL**

**I.(a) PLAINTIFFS**
AMBER BRIGHT

**DEFENDANTS**
TRANS UNION LLC, EQUIFAX CREDIT INFORMATION SERVICES; NATIONAL CREDIT SYSTEMS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __San Diego__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

02 MAY 24 PM 4:09

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Harold M. Hewell - SBN 171210
Attorney at Law
1901 First Avenue, Second Floor
San Diego, California 92101
(619) 235-6854

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

ATTORNEYS (IF KNOWN)
David S. Robbin, Esq. SBN 095934
Lowell & Robbin
707 Broadway, Eighteenth Floor
San Diego, California 92101
(619) 236-1142
Attorney for Defendant Equifax Information Services, LLC

'02 CV 1037 JM (LSP)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
(For Diversity Cases Only)        FOR PLAINTIFF AND ONE FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** *(PLACE AN x IN ONE BOX ONLY)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
- **DEMAND $** 0.00
- Check YES only if demanded in complaint:
- **JURY DEMAND:** [X] YES [ ] NO

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 15 U.S.C. §1692, et seq.; California Civil Code §1785.1, et seq.; 15 U.S.C. §1681, et seq. Plaintiff's action seeks relief for alleged incorrect items on her credit report. Such a claim is governed by the foregoing statutes.

**VII. NATURE OF SUIT** *(PLACE AN x IN ONE BOX ONLY)*

| OTHER STATUTES | CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| | | **PERSONAL INJURY** | **PERSONAL INJURY** | | |
| [ ] 400 State Reapportionment | [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury-Med Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 |
| [ ] 410 Antitrust | [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury-Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 |
| [ ] 430 Banks and Banking | [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | |
| [ ] 450 Commerce/ICC Rates/etc | [ ] 140 Negotiable Instrument | | | | **PROPERTY RIGHTS** |
| [ ] 460 Deportation | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights |
| [ ] 470 Racketeer Influenced and Corrupt Organizations | [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent |
| [ ] 810 Selective Service | [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark |
| [ ] 850 Securities/Commodities/ Exchange | | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** |
| [ ] 875 Customer Challenge 12 USC 3410 | [ ] 153 Recovery of Overpayment Of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) |
| [ ] 891 Agricultural Act | [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) |
| [ ] 892 Economic Stabilization Act | [ ] 190 Other Contract | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) |
| | [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI |
| [ ] 893 Environmental Matters | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) |
| [ ] 894 Energy Allocation Act | [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** |
| [ ] 895 Freedom of Information Act | [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 900 Appeal of Fee Determination Under Equal Access to Justice | [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS - Third Party 26 USC 7609 |
| | [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | |
| [ ] 950 Constitutionality of State Statutes | [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | |
| [X] 890 Other Statutory Actions | [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | |
| | | | [ ] 555 Prison Condition | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? __X__ No ____ Yes

If yes, list case number(s): _____

CV71 (8/99)

CIVIL COVER SHEET - Continued on Reverse

Page 1 of 2

FOR OFFICE USE ONLY: [ ] Pro Hac Vice fee: [ ] paid [ ] not paid

Applying IFP _____ Judge _____ Mag. Judge _____

CCD-JS44

PD $150.00 5/24/02 #82914 VB